IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RBS CITIZENS, N.A.,        :   CIVIL ACTION
                        :   NO. 08-0242
       Plaintiff,     :
                        :
   v.                  :
                        :
CALDERA MGMT., INC.,    :
    et al.,          :
                        :
       Defendants.    :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                SEPTEMBER 15, 2009

Plaintiff RBS Citizens, N.A., a national bank, ("the Bank") brought this action for entry of judgment by confession, as authorized by 10 Del. C. § 2306, against Defendant Margaret McGreevy ("Guarantor McGreevy").  Guarantor McGreevy executed a guaranty of certain real estate loans (the "Guaranty") made by the Bank to a land development company.  One such loan is in default and the Bank sought judgment by confession to collect the outstanding amount due under the Guaranty.

Guarantor McGreevy objected to the entry of judgment and requested a hearing for a judicial determination of whether she knowingly, voluntarily, and intelligently waived her constitutional due process rights to notice and a hearing before the entry of judgment.  The Court held an evidentiary hearing on this issue on June 1, 2009.  This memorandum contains the Court's

findings of fact and conclusions of law.[1]

I.   BACKGROUND

        The following facts are not in dispute.[2]  The Bank,

successor by merger to Citizens Bank, entered into a series of

commercial real estate loans with entities owned and controlled

by Defendants Caldera Management, Inc. ("Caldera Management"),

Mark G. McGreevy, and Daniel B. McGreevy.[3]  In one such

transaction, the Bank made a commercial real estate loan in the

amount of $6,535,098.31 (hereinafter, "the loan") to a single

purpose entity owned or controlled by Caldera Management, Mark

McGreevy, and Daniel McGreevy.  Defendants Caldera Management,

Mark McGreevy, Daniel McGreevy, and Guarantor McGreevy, the wife

of Daniel McGreevy, guaranteed the loan pursuant to guaranty and

suretyship agreements executed in May 2006.  (Evidentiary Hr'g

Ex. A).  Each guaranty, including the Guaranty at issue,

contained a confession of judgment clause.  (Id. at ¶ 11).

--------------------------------------------------

        [1]   The Court has jurisdiction to hear this action under 28
U.S.C. § 1332(a), in that the Bank is a citizen of Rhode Island,
Guarantor McGreevy is a citizen of Pennsylvania, and the amount
in controversy exceeds $75,000.00.  The parties agree that
Delaware law applies.

        [2]   The parties submitted a joint stipulation of facts
(doc. no. 30) which the Court entered into evidence on June 1,
2009.

        [3]   Daniel and Mark McGreevy are co-owners of Caldera
Management, Inc., a land development company located in Sussex
County, Delaware.

-2-

The loan is in default.  As of February 4, 2009, the amount owed on the loan is $7,374,027.64.[4]  On April 28, 2008, the Bank confessed judgment against Defendants, including Guarantor McGreevy, pursuant to the confession of judgment clauses in the guaranties.  Since the filing of this suit, Defendants Caldera Management, Mark G. McGreevy, and Daniel B. McGreevy have stipulated to judgment, pursuant to Delaware Local Rule 58.1.1(g), but have reserved the right to contest execution on such judgment pursuant to Delaware Local Rule 58.1.1(h). Guarantor McGreevy objected to the entry of judgment and argues that in signing the Guaranty, which contained the confession of judgment clause, she did not knowingly, voluntarily, and intelligently waive her right to notice and a hearing prior to the entry of judgment.

Guarantor McGreevy is a graduate of Widener University, with a four year Bachelor of Science degree in nursing.  She has worked for over twenty-five years as a licensed nurse, currently specializing in home care for seizure patients.  Guarantor McGreevy does not participate in the business or operations of Caldera Management, or any associated entities.  However, Guarantor McGreevy has executed at least five other commercial

---

[4]    This figure represents - $6,535,098.31 in principal, $697,805.33 in accrued interest, $16,750.00 for a forbearance fee, $95,000 in late fees, and $29,374.00 in costs and expenses. Interest continues to accrue on the loan and the Bank continues to incur costs and expenses with respect to the loan.

financing documents with confession of judgment provisions, in addition to the Guaranty here.

Guarantor McGreevy does not remember executing the Guaranty, but she believes that her husband presented the document to her at her home and asked her to sign it.  Guarantor McGreevy believes that she may not have reviewed the Guaranty because "she trusted her husband;" she opines that if she had reviewed the Guaranty, she would not have understood the document.  At the time that Guarantor McGreevy executed the Guaranty, she had "the opportunity to be informed about the waiver" through counsel, but no attorney, nor representative of the Bank, was present.  The Bank did not advise Guarantor McGreevy that she should retain or consult counsel in the execution of the Guaranty.

The parties agree that Guarantor McGreevy never consulted an attorney regarding the Guaranty or any other loan or financing document that she executed in favor of the Bank. Notably, on May 23, 2006, an "Opinion of Counsel" (the "Opinion"), prepared by James A. Fuqua, Jr. Esq., was delivered to the Bank, indicating that Mr. Fuqua acted as counsel to all three guarantors, including Guarantor McGreevy, in connection with the Guaranty.  (Evidentiary Hr'g Ex. F).  The Opinion advised that the loan documents were legal, valid, and binding obligations, but did not specify the legal implications of the

-4-

confession of judgment clause.  Despite Mr. Fuqua's contention that he "acted as counsel" to Guarantor McGreevy, Guarantor McGreevy does not recall having been represented by Mr. Fuqua, or any other attorney, in connection with this matter and she was unaware of the Opinion until it was presented to her in the course of this action.[5]

## II.  CONFESSION OF JUDGMENT

### A.  Confession of Judgment - Procedure

Under Delaware law, a judgment by confession may be entered by the Prothonotary, either for money due or to become due, or to secure the obligee against a money contingent liability, or both, on the application by the obligee or assignee of a bond, note or other obligation containing a warrant for an attorney-at-law or other person to confess judgment.  10 Del. C. § 2306 (2008).  Pursuant to Delaware Local Rule 58.1.1, judgment by confession, as authorized by 10 Del. C. § 2306, shall be entered by the Clerk provided that the following documents are filed: (1) notice directed to the Clerk containing a short and plain statement of the grounds upon which the Court's

---

[5]      Guarantor McGreevy testified that she met Mr. Fuqua at a Caldera Management Christmas party six years ago and has seen him while riding her bike in Rehobeth Beach, Delaware. (Evidentiary Hr'g Ex. I, p. 11:8-18; p. 12:1-4).  She further testified that while she knows Mr. Fuqua is an attorney, who does "some legal work" for Caldera Management, she does not know the nature of this work.  (Id. at p. 11:19-22; p. 12:8-10).

jurisdiction depends and a specific form signed by the person exercising the warrant of attorney; (2) the original document authorizing confession of judgment together with completely legible photocopy for the Clerk; (3) in the case of a debtor who was a non-resident at the time of the execution of the original document authorizing confession of judgment, the plaintiff shall also file the affidavit required by 10 Del. C. § 2306(c) together with a completely legible photocopy for the Clerk; (4) a completed notice letter as required by 10 Del. C. § 2306(b) for each debtor against whom judgment is filed.

Here, in full compliance with Delaware Local Rule 58.1.1, the Bank filed a Notice of Confession of Judgment (doc. no. 1); Copy of Certificate of Indebtedness (doc. no. 2); an affidavit authorized confession of judgment (doc. no. 2); and a Notice letter to debtor whom judgment is requested (doc. no. 3).

Pursuant to Delaware Local Rule 58.1.1(g)(1), upon a defendant's objection to entry of judgment by confession, a hearing will be scheduled by the court in which the plaintiff must "prove that the [defendant] effectively waived any right to notice and a hearing prior to the entry of judgment against the [defendant]." Here, Guarantor McGreevy objected to the entry of confession of judgment and argued that she did not knowingly, voluntarily, and intelligently waive her right to notice and a hearing prior to the entry of judgment. In compliance with

-6-

Delaware Local Rule 58.1.1(g)(1), the Court held an evidentiary
hearing to determine whether Guarantor McGreevy's waiver was
knowing, voluntary, and intelligent.

     B.  <u>Effectiveness of Waiver</u>

     The burden is on the party asserting the waiver, the
Bank in this case, to show that the defendant "effectively waived
any right to notice and a hearing prior to the entry of judgment
against the debtor."  D. Del. LR 58.1.1(g)(1).  "'The execution
and delivery of a note containing cognovit provisions, waiving
the right to prejudgment notice and a hearing, is constitutional
if the waiver is knowing, voluntary and intelligent . . . .'"
<u>Pellaton v. Bank of New York</u>, 592 A.2d 473, 476 (Del. 1991)
(quoting <u>D.H. Overmyer Co., Inc. v. Frick</u>, 405 U.S. 174, 187
(1972)).  In order for a waiver to be knowing, voluntary and
intelligent, it must be "an intentional relinquishment, or
abandonment of a known right or privilege."  <u>Id.</u> (quoting <u>Johnson
v. Zerbst</u>, 304 U.S. 458, 464 (1972)).  The effectiveness of a
waiver is determined by the totality of circumstances.  <u>Mazik v.
Decision Making, Inc.</u>, 449 A.2d 202, 204 (Del. 1982).

     Under Delaware law, the following factors are
considered in determining whether a defendant effectively waived
the right to notice and a hearing prior to the entry of judgment:
(1) the defendant's business sophistication and experience with
similar documents, <u>Pellaton</u>, 592 A.2d at 476; (2) whether the

-7-

defendant consulted an attorney, Id. at 477; (3) whether all
bargaining parties took the necessary steps to ensure that the
terms of the agreement were read and understood at the time the
transaction was entered, Sussex Trust Co. v. Clifton Canning Co.,
C.A. No. 112, 1998 WL 116426, *7 (Del. Super. Ct. Nov. 2, 1988);
and (4) whether defendant had the opportunity and time to review
the document containing the confession of judgment, Id.  These
factors are for the Court's consideration, but do not constitute
an exhaustive list.

     Here, the Bank's proofs are limited to a bare showing
that Guarantor McGreevy signed the Guaranty which contained the
confession of judgment clause, a fact that Guarantor McGreevy
does not dispute.  The Bank, however, fails to point to any
evidence of Guarantor McGreevy's intentional abandonment or
relinquishment of her right to notice and a hearing prior to the
entry of judgment.  Given the lack of evidence presented by the
Bank, and applying the factors employed under Delaware law, the
Bank fails to carry the burden of showing that Guarantor McGreevy
knowingly, voluntarily, and intelligently waived her right to
notice and a hearing prior to the entry of judgment.

     First, the Bank fails to show that Guarantor McGreevy
had any level of business sophistication or experience with
similar documents which would engender the understanding that
signing the Guaranty would waive her constitutional rights to

-8-

notice and a hearing prior to the entry of judgment.  In
Pellaton, the Delaware Supreme Court found that the defendant
effectively waived his right to notice prior to the entry of
judgement where, among other considerations, the defendant was in
the real estate business for a number of years, refinanced and
financed the purchase and sale of property, and was a
stockbroker.  592 A.2d at 476.  See also Harrington Raceway, Inc.
v. Vautrin, No. 01J-03-024, 2001 WL 1456873, at *3 (Del. Super.
Ct. Aug. 31, 2001) (finding valid waiver notice and hearing prior
to entry of judgment where defendant was "relatively
sophisticated businessman").

     Unlike the sophisticated business knowledge of the
defendants in Pellaton and Harrington Raceway, here, there is no
indication that Guarantor McGreevy had any business knowledge
which would aid in her understanding of the confession of
judgment clause.  Although Guarantor McGreevy is a college
educated individual with over twenty-five years experience as a
nurse, this background alone does not compel the conclusion that
Guarantor McGreevy was on notice of the legal implications
accompanying execution of the Guaranty.  In addition, the fact
that Guarantor McGreevy had signed substantially similar
guaranties in the past, which also contained confession of
judgment clauses, does not on its own indicate that Guarantor
McGreevy "intentionally" relinquished or abandoned, in this case

-9-

(or even on the prior occasions), her right to notice and a hearing prior to the entry of judgment.

Second, Guarantor McGreevy did not have the assistance of counsel in the execution of the Guaranty. In <u>Pellaton</u>, the Delaware Supreme Court highlighted that the defendant, though business sophisticated himself, was represented by two attorneys in the execution of a document containing a confession of judgment clause. <u>Id.</u> at 477. Based in part on the fact that the defendant was represented, the court found that the defendant knowingly waived his constitutional due process rights to notice and hearing prior to the entry of judgment. <u>Id.</u>

To the contrary, here, it is, at best, disputed whether Guarantor McGreevy had the benefit of legal representation in the execution of the Guaranty. Although the Opinion of Counsel states that James Fuqua, Esq. represented all guarantors, including Guarantor McGreevy, at the time of the execution of the Guaranty, Guarantor McGreevy denies that Mr. Fuqua represented her and the Bank did not offer evidence to dispute this denial. Moreover, even if Mr. Fuqua represented Guarantor McGreevy, as he claimed in the Opinion, the Opinion does not suggest that the constitutional waiver of her right to notice and a hearing was explained to Guarantor McGreevy.[6] Accordingly, there is no

---

[6]     Had the Opinion stated that the presence and implications of the waiver had been explained to the guarantors, a different result may ensue.

evidence that Guarantor McGreevy received any meaningful assistance of counsel.

Third, the Bank has not shown that all bargaining parties took the necessary steps to ensure that the terms of the agreement were read and understood by all parties.  The Delaware Superior Court found that a defendant did not effectively waive his constitutional rights to notice and a hearing prior to the entry of judgment where the subject of the confession of judgment clause was not presented to the defendant by the plaintiff creditor.  G&G Rest. v. New G&G Corp., No. 2868, 1991 Del. Super. LEXIS 69, at *16-17 (Del. Super. Ct. March 4, 1991).  In G&G Restaurant, the defendant executed a series of agreements surrounding a real estate transaction, one of which contained a confession of judgment clause.  Id. at *7-8.  Notwithstanding the defendant's voluntary execution of these documents, defendant's waiver of his constitutional due process rights was ineffective where the plaintiff creditor failed to show that the subject and implication of the confession of judgment clause were brought to the defendant's attention.  Id.

As in G&G Restaurant, here, the Bank has not established that the legal implications of the confession of judgment clause were brought to the attention of Guarantor McGreevy.  The only evidence of such presentation offered by the Bank is the Opinion by Mr. Fuqua, advising that the loan

documents were legal, valid, and binding obligations.  But, as
described above, the Opinion does not state that the confession
of judgment clause was presented or explained to Guarantor
McGreevy.

Finally, the confession of judgment clause itself is
not self-explanatory.  Specifically, it does not even make
reference to the fact that Guarantor McGreevy is surrendering her
constitutional rights in signing the Guaranty.  Despite that it
is in bold letters, it is highly technical and not amenable to
easy understanding by a layperson.  Although Guarantor McGreevy
does not dispute that she had the opportunity to review the
document, without the assistance of counsel, Guarantor McGreevy's
review of the document was uninformed.


III.  CONCLUSION

The waiver of a constitutional right is a solemn and
significant act.  In this case, the Bank failed to establish that
Guarantor McGreevy effectively waived her constitutional due
process rights to notice and hearing before the entry of
judgment.  Accordingly, the entry of judgment is denied as to
Guarantor McGreevy.  An appropriate order follows.